**FILED**

JUN 11 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RODNEY A. EDMUNDSON, | CV 07-125-M-DWM-JCL |
| Petitioner, | |
| vs. | ORDER |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Edmundson has filed a Petition for Writ of Habeas Corpus alleging several constitutional deficiencies with his 2005 conviction in state court for felony assault with a weapon. Prior to filing his federal petition Edmundson filed a petition for post-conviction relief in state court, which was denied. He appealed the denial to the Montana Supreme Court, but voluntarily dismissed his appeal in February of 2008.

Edmundson alleges that his conviction violates federal law

-1-

because (1) he was under the influence of prescription medication at the time of his guilty plea; (2) the probation officer breached the plea agreement by recommending that Edmundson be placed at Montana State Prison; (3) Edmundson's counsel was ineffective; (4) Edmundson was deprived of needed legal assistance in his state post-conviction proceeding; and (5) the restitution portion of his sentence is invalid.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge. Judge Lynch notes that Petitioner's claims may be barred on procedural grounds. The Magistrate does not recommended dismissal on any of these procedural bases, however, because of his conclusion that Petitioner has failed to allege a constitutional violation.

Petitioner Edmundson timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1).

Judge Lynch explains in his recommendations that because the Montana Supreme Court decided Edmundson's motion to withdraw his guilty plea on the merits, Edmundson must show that the decision

-2-

was objectively unreasonable, which he cannot do. Edmundson's alert and coherent responses to all questions during his change of plea hearing and sentencing, including questions going to his mental state, support the Montana Supreme Court's conclusion and preclude a finding that its ruling was objectively unreasonable. With regard to Edmundson's claim for breach of the plea agreement, the probation officer is an officer of the court and is not bound by the prosecutor's promise not to recommend placement at a particular facility.

Judge Lynch found Petitioner's allegations of ineffective assistance of counsel to be vague and conclusory. Petitioner attempts in his objections to add more detail to the allegations, claiming that Petitioner's counsel misled him as to whether certain motions had been filed and that counsel led Petitioner to believe that the plea agreement would result in a six-month sentence in a pre-release center.

The standard for analyzing an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Under Strickland, a defendant must demonstrate that his counsel's representation (1) fell "below an objective standard of reasonableness," and (2) that the mistakes made were "prejudicial to the defense," that is, such mistakes that create a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless the defendant

can show otherwise. Id. at 689-90. The defendant/movant bears the burden of proof under the Strickland test. Laboa v. Calerdon, 224 F.3d 972, 981 (9th Cir. 2000). A conclusory statement that counsel was ineffective is insufficient to state a valid claim of constitutional violation and does not entitle the claimant to an evidentiary hearing. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1999).

Petitioner Edmundson's allegations are insufficient to merit an evidentiary hearing. There is no reason to suspect that greater candor from counsel with regard to filings would have altered the outcome of this matter. Regarding Petitioner's claim that his counsel told him that the plea would result in a sentence of six months in a pre-release center, there is nothing in Petitioner's allegations to indicate a reasonable probability that the result of the proceeding would have been different had Petitioner's counsel not made the alleged representations. Petitioner does not allege that he would have rejected the plea agreement absent his counsel's alleged statements regarding the likely sentence. The plea agreement included the dismissal of five additional counts against Petitioner that would have remained had he chosen to proceed to trial, and stated by its terms that the prosecutor would recommend a sentence of ten years with five suspended, a recommendation that the trial court followed. Petitioner has failed to state a claim for ineffective assistance of counsel.

Edmundson's claim that he was denied counsel in his state

post-conviction proceeding fails because there is no federal right to counsel in such a proceeding. Finally, a sentence of restitution cannot be challenged in a habeas petition because restitution is not custody and is not linked to custody in this case.

After de novo review, and having considered Petitioner's objections, I agree with Judge Lynch's Findings and Recommendations and adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is DENIED on the merits, and a certificate of appealability is DENIED for the reasons set forth in Judge Lynch's Findings and Recommendations.

DATED this 11th day of June, 2008.

Donald W. Molloy, District Judge
United States District Court